**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

---

ALO, LLC,
9830 Wilshire Boulevard,
Beverly Hills, CA 90212,

     Plaintiff,

v.

ALO.COM, an Internet Domain Name,

     Defendant.

Civil Action No. 1:24-cv-1103

---

## COMPLAINT

Plaintiff Alo, LLC ("Alo"), through counsel, alleges as follows for its *in rem* Complaint against Defendant ALO.com (the "Defendant Domain Name").

## NATURE OF THE SUIT

1.     This is an *in rem* action for trademark infringement under the Lanham Act and cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act ("ACPA") to stop an anonymous registrant of the Defendant Domain Name from ongoing and continuous bad faith misuse of Alo's trademarks for his/her own financial gain.

2.     The Plaintiff in this action, Alo, is one of the preeminent yoga, athleisure and wellness brands on the globe. Since its inception, Alo has been dedicated to spreading mindful movement, inspiring wellness and creating community.  It has grown into a hugely successful company that operates not only highly successful ecommerce stores, but also more than 70 retail across America.

3.     Consistently since its founding, Alo has used the ALO and ALO YOGA marks to

identify and distinguish its high-quality goods and services.

4.      Bad actors have taken notice of the public's high esteem for the ALO and ALO YOGA brand and are seeking to leverage the marks for their own commercial benefit. For instance, in 2023, Alo identified 357 cybersquatted domains, all incorporating Alo's precise marks to offer all manner of improper content—from pay-per-click advertising, to fake ecommerce sites, to distributing malware to unsuspecting visitors. *See Alo, LLC v. aaloyoga.com et al*., No. 1:23-cv-01242-LMB-WEF [Dkt. No. 23] (E.D. Va. Jan. 9, 2024).  Alo was able to take action against those cybersquatters in this Court under the ACPA, resulting in successful recovery of all offending domain names—protecting both Alo's valuable brand and its loyal customers.

5.      In this action, Alo does not assert that the Defendant Domain Name was registered to capitalize on Alo's trademarks when the domain was first created, and Alo was not aware that the Defendant Domain Name was being used to violate Alo's intellectual property rights until more recently. However, the circumstances surrounding the current use and registration of the Defendant Domain Name necessitate the present action.

6.      Alo asks this Court to address the registration and use of ALO.com under the Lanham Act and the Anti-Cybersquatting Consumer Protection Act, in view of the occurrences since 2017. Under U.S. statutes and in view of ALO.com's changed use, it is clear that the registrant is now using ALO.com to leverage Alo's protected trademarks for its own financial gain, by creating a likelihood of confusion with Alo and misleading consumers. This registration and use constitute trademark infringement and cybersquatting actionable under 15 U.S.C. §§ 1114 and 1125, and entitle Alo to relief to protect both its brand and its customers.

## PARTIES

7.      Alo, LLC is a California limited liability company with its principal place of

business at 9830 Wilshire Boulevard, Beverly Hills, CA 90212, U.S.A.

8.      ALO.com is an Internet domain name that, according to its domain registration records, is registered to Whois Privacy Services by DOMAINCA, in Gyeonggi, South Korea. Domain records reflecting the current domain registration are attached as Exhibit A.

## JURISDICTION AND VENUE

9.      This is a civil action for federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1), and federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

10.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A), which provides for *in rem* jurisdiction for "any right of the owner of a mark registered in the Patent and Trademark Office, or protected under [15 U.S.C. § 1125] subsection (a) or (c)." *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the domain registration record for the Defendant Domain Name reflects not the actual registrant, but rather a privacy service, and records further indicate that the registrant resides outside the United States, and therefore Alo cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A), or alternatively, Alo, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

12.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Alo will give notice of the violations of its rights, and its intent to proceed *in rem*, to the contact address set forth in the registration records for the Defendant Domain Name.

13.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the registry operator of the .COM domain registry, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Name is a .COM domain name.

## ALO'S RIGHTS IN THE ALO AND ALO YOGA MARKS

14.     Alo is a California-based premium apparel and health and wellness company that specializes in luxury activewear, with a mission to spread mindful movement, inspire wellness, and create community.

15.     Alo was founded in Los Angeles, California in 2007, with the goal of raising awareness and enthusiasm for yoga, by offering high-quality, fashionable yoga clothing that consumers would want to wear all day.

16.     Operating continuously since that date, Alo has grown into a formidable brand, promoting a health and wellness lifestyle while also providing consumers worldwide with accessible fashion. Today, Alo is a global leader in activewear design and its franchised fabrics.

17.     In 2008, Alo registered the domain name aloyoga.com. Continuously since the date of registration, the website to which aloyoga.com resolves has been used to promote Alo's brand, goods, and services, offered under the ALO and ALO YOGA marks. This includes operating a sophisticated ecommerce site offering all manner of clothing, as well as yoga and athletic accessories including sneakers, yoga mats, yoga straps, yoga blocks, socks, hats, hair accessories, bags, sunglasses, undergarments, and beauty and wellness products, all marketed under the marks ALO and ALO YOGA.

18.     In addition to its ecommerce operations, Alo operates brick-and-mortar stores throughout the United States, as well as other countries, including Canada, Israel, and Mexico.

19.     In furtherance of the passion for yoga that is central to its brand, Alo also offers

4

yoga classes in several of its U.S. store locations, open to the public. Alo has also launched subscription fitness programming, under the mark ALO MOVES.

20.     Through exceptional quality of products, significant promotional efforts, and high-profile partnerships, the ALO and ALO YOGA marks have become well known and have established significant consumer goodwill.

21.     That reputation and goodwill has grown even stronger through its community outreach activities, conducted through its nonprofit Alo Gives. Alo Gives provides free, Scholastic-approved videos designed for use in classrooms, on yoga and mindfulness for children.

22.     The ALO and ALO YOGA marks are inherently distinctive. Based on that inherent distinctiveness and the significant consumer recognition and goodwill, the marks are entitled to broad common law trademark rights for goods and services including, but not limited to, athletic and yoga apparel and accessories, and retail services for the same.

23.     In more recent years, the prominence of and consumer recognition in the ALO and ALO YOGA marks has continued to grow, including through a boom in establishment of Alo storefronts across America and abroad. Online actors have taken notice of this increased brand recognition, and have sought to leverage it for their own financial gain.

24.     In 2023, Alo brought an action in this Court for cybersquatting of 357 domain names, all using the precise ALO YOGA mark. *See Alo, LLC v. aaloyoga.com et al.*, No. 1:23-cv-01242-LMB-WEF [Dkt. No. 23] (E.D. Va. Jan. 9, 2024). Alo prevailed in that action, and all defendant domain names were transferred to Alo's control. *Id.*

25.     In addition to its common law trademark rights, Alo has successfully registered numerous ALO-formative marks, including ALO as a standalone mark, with the U.S. Patent and Trademark Office:

- Reg. No. 3875869, ALO, for "men's clothing, namely, pants, shirts, vests, jackets, hooded jackets and women's clothing, namely, pants, shirts, vests, jackets, hooded jackets, sports bras," filed on December 11, 2009, and registered on the Principal Register on November 16, 2010;

- Reg. No. 5172309, ALO, for "Athletic bags;" "Headbands; Leg warmers; Scarves; Tights;" "Yoga mats," filed on August 28, 2015, and registered on the Principal Register on March 28, 2017;

- Reg. No. 5597575, ALO, for "Providing classes in the field of meditation, mindful living, physical fitness, healthy lifestyle, yoga and exercise," filed on February 2, 2018, and registered on the Principal Register on October 30, 2018;

- Reg. No. 5172308, ALO YOGA, for "Athletic bags;" "Men's clothing, namely, pants, shirts, jackets, and women's clothing, namely, pants, shirts, jackets, sports bras, tights; Scarves, leg warmers, headbands;" "Yoga mats," filed on August 28, 2015, and registered on the Principal Register on March 28, 2017;

- Reg. No. 4519311, ALO SPORT, for "men's clothing, namely, pants, shirts, jackets, and women's clothing, namely, pants, shirts, jackets, sports bras," filed on March 1, 2012, and registered on the Principal Register on April 22, 2014;

- Reg. No. 6137833, ALOSOFT, for "Apparel, namely, bottoms as clothing, bras and sports bras," filed on August 27, 2019, and registered on the Principal Register on August 25, 2020;

- Reg. No. 6158565, ALO GIVES, for "Charitable services, namely, organizing and developing projects that aim to improve the lives of underprivileged and impoverished people and underserved and at-risk youth around the world; charitable services, namely, promoting public awareness of the needs of underprivileged and impoverished people and underserved and at-risk youth around the world;" "Charitable fundraising services; charitable foundation services, namely, providing fundraising activities, funding, scholarships and/or financial assistance for schools, students and persons in need;" and "Charitable services in the nature of providing yoga courses and yoga classes to underprivileged and impoverished people and underserved and at-risk youth around the world; yoga instruction," filed on February 11, 2018, and registered on the Principal Register on September 22, 2020;

- Reg. No. 6190196, ALO MOVES, for "Computer application software and downloadable software in the nature of mobile applications to enable users to view instructional videos, audio content, written content, news, events, articles and user profiles in the fields of physical fitness, mind-body practices, meditation, health, and personal improvement;" "Providing a website featuring information in the fields of physical fitness, mind-body practices being yoga and meditation for purposes of self-awareness, self and personal improvement, and meditation training; Providing a website featuring blogs, on-line educational seminars, non-downloadable videos, non-downloadable instructional videos,

and non-downloadable articles, in the fields of physical fitness, mind-body practices, meditation, health, and personal improvement; Providing a website featuring news in the fields of physical fitness, mind-body practices being yoga and meditation for purposes of self-awareness, self and personal improvement and meditation training; Providing recorded and live and interactive on-line instruction and training in the fields of physical fitness, mind-body practices, meditation, health, and personal improvement; providing a website featuring information on physical fitness accessible through a global computer network and mobile devices;" "Providing a website featuring information and news in the field of meditation therapy and health;" "Providing a website featuring information and news in the field of personal improvement," filed on December 5, 2017, and registered on the Principal Register on November 3, 2020; and

- Reg. No. 6273592, ALO WELL BAR, for "Café; coffee shops," filed on July 1, 2019 and registered on the Principal Register on February 16, 2021.

Copies of the registration records are attached hereto as Exhibit B.

26. The aforementioned registrations constitute *prima facie* evidence of the validity of, and Alo's exclusive rights to use, the identified marks. Moreover, Reg. Nos. 3875869, 4519311, 5172308, and 5172309 have achieved incontestable status, and constitute *conclusive* evidence of the validity of, and Alo's exclusive rights to use, those ALO-formative marks.

27. Alo also has registered its ALO-formative marks with numerous intellectual property offices around the world. Representative examples of Alo's global trademark registrations are identified in attached Exhibit C.

## UNLAWFUL REGISTRATION AND/OR USE OF THE DOMAIN NAME

28. On information and belief, the Defendant Domain Name was most recently re-registered in or around September 2023, and before that, in or around September 2018.

29. On information and belief, ALO.com has never resolved to a website with substantive content apart from pay-per-click advertising with some intermittent use as a landing page.

30. On information and belief, the registrant of the Defendant Domain Name has had actual notice of Alo and its ALO family of marks for a number of years.

31.     As of December 2021, the website associated with the Defendant Domain Name displayed links purportedly directing to Alo apparel, as well as other apparent competitor streetwear and workout clothing companies:



32.     By 2023, the website at ALO.com was displaying a rotation of links purporting to direct to either Alo or other retailers to access Alo's products, and continued to use the ALO YOGA mark, e.g.:







33.     None of the links or references to ALO and ALO YOGA were authorized by Alo, and many of the uses of ALO and ALO YOGA direct consumers to retailers that also have no affiliation with Alo and are not authorized to use the ALO and ALO YOGA marks.

34.     On information and belief, for years, the registrant of the Defendant Domain Name has been using the ALO and ALO YOGA marks, without Alo's authorization, to offer and/or promote products the same or substantively identical to Alo's own products.

35.     On information and belief, the registrant of the Defendant Domain Name has been offering and/or promoting products under the ALO and ALO YOGA marks, without Alo's authorization, for his/her/its own financial gain, through, *inter alia*, increased web traffic from misdirected viewers attempting to reach Alo's website, pay-per-click advertising including advertising that uses Alo's registered marks, and sales of products the same or substantially similar to Alo's products.

36.     Since the date that the registrant of the Defendant Domain Name was put on actual notice of Alo, its offerings, and its trademark rights, the registrant has chosen to re-register and/or

renew the Defendant Domain Name at least once.

37.    The Defendant Domain Name does not reflect the legal name of its registrant.

38.    Since at least as early as the dates of the most recent re-registrations (2018 and 2023), the registrant of the Defendant Domain Name has not engaged in *bona fide* commercial use of the ALO mark for a website accessible under the Defendant Domain Name, and is instead attempting to misrepresent an affiliation with Alo by displaying the ALO and ALO YOGA marks and/or or promotions for the particular athleticwear and streetwear products offered by Alo.

39.    The website displayed by the registrant of the Defendant Domain Name is likely to be confused with Alo's legitimate online locations.

40.    On information and belief, the registrant of the Defendant Domain Name re-registered and/or renewed the Defendant Domain Name with intent to divert consumers away from Alo's online locations, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name and the sites displayed through use of the Defendant Domain Name.

41.    The registrant of the Defendant Domain Name provided material and misleading false contact information when re-registering/renewing the Defendant Domain Name through consistent use of a privacy service to conceal the person/entity's true identity.

### COUNT ONE:
#### (*In-Rem* Trademark Infringement)

42.    Alo repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

43.    At the time the Defendant Domain Name was renewed, re-registered, and/or used, Alo possessed valid common law and statutory trademark rights in the ALO and ALO YOGA marks.

44.     In light of the registrant's concealment of his/her/its identity and purported location outside the United States, Alo is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) or, alternatively, Alo, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

45.     The registration and use of the Defendant Domain Name is use in commerce.

46.     The registration and use of the Defendant Domain Name affects Alo's ability to use its ALO and ALO YOGA marks in commerce.

47.     The Defendant Domain Name and its registrant have no valid rights in the ALO and ALO YOGA marks.

48.     Use by the Defendant Domain Name and its registrant of the ALO and ALO YOGA marks is without the permission or authorization of Alo.

49.     The aforesaid registration and/or use of the Defendant Domain Name have caused and are likely to continue to cause confusion, mistake, and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or the website provided thereunder are sponsored or approved by, or are in some way connected with Alo.

50.     The aforesaid registration and/or use of the Defendant Domain Name constitutes direct intentional infringement of Alo's trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     The aforesaid acts have caused, and are causing, great and irreparable harm to Alo and the public.  The harm to the public includes the potential for fraud and deception stemming from use of the domain that is intended to mislead consumers. The harm to Alo includes harm to

the value and goodwill associated with the ALO and ALO YOGA marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

<u>**COUNT TWO:**</u>
**(Violation of the Federal Anti-Cybersquatting Consumer Protection Act)**

52.     Alo repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

53.     Alo's ALO and ALO YOGA marks are distinctive and were distinctive prior to the recent registrations of the Defendant Domain Name, including in 2018 and 2023.

54.     The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to Alo's ALO and ALO YOGA marks, with bad-faith intent to profit therefrom.

55.     In light of the registrant's concealment of his/her/its identity and purported location outside the United States, Alo is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) or, alternatively, Alo, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

56.     The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

57.     The aforesaid acts have caused, and are causing, great and irreparable harm to Alo and the public.  The harm to the public includes the potential for fraud and deception stemming from use of the domain that is intended to mislead consumers. The harm to Alo includes harm to

the value and goodwill associated with the ALO and ALO YOGA marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

58.     Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Alo is entitled to an order directing the registry for the Defendant Domain Name to change the current registrar to Alo's registrar of choice and directing the registrant to be changed to Alo.

## PRAYER FOR RELIEF

WHEREFORE, Alo respectfully requests of this Court:

1.     That the Court order immediate preliminary and permanent injunctive and other equitable relief to disable the use of the Defendant Domain Name.

2.     That judgment be entered in favor of Alo on its claims of trademark infringement and cybersquatting.

3.     That the Court order the domain registry for the Defendant Domain Name to change the registrar for the Defendant Domain Name to Alo's registrar of choice, and order the registrar to change the registrant to Alo.

4.     That the Court order an award of costs and reasonable attorney's fees incurred by Alo in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5.     That the Court order an award to Alo of such other and further relief as the Court may deem just and proper.

Dated: June 25, 2024        By:   <u> /s/ Attison L. Barnes, III        </u>

Attison L. Barnes, III (VA Bar No. 30458)
Stephen J. Obermeier (VA Bar No. 89849)
David E. Weslow (for *pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
sobermeier@wiley.law
dweslow@wiley.law
akosak@wiley.law

*Counsel for Alo, LLC*